(Del. Rev. 5/2014) Pro Se Employment Discrimination Complaint

FILED
CLERK, U.S. DISTRICT COURT
DISTRICT OF DELAWARE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE 2014 DEC 22 PM 12: 12

Branelen Louis Whitmore

_____
(Name of Plaintiff or Plaintiffs)

**14 - 1502**

v.

Mountaire Farms Inc.
" Milboro, DE Plant "
_____
(Name of Defendant or Defendants)

**Civ. Action No._____**
(To be assigned by Clerk's Office)

**COMPLAINT FOR
EMPLOYMENT DISCRIMINATION**
(Pro se)

Jury Demand?
☐ Yes
☒ No

1.  This action is brought pursuant to (check all spaces that apply):

    ☐  Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*., for
       employment discrimination on the basis of race, color, religion, sex, or national origin.

    ☐  Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq*.,
       for employment discrimination on the basis of age. My year of birth is:_____.

    ☐  Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et seq*., for employment
       discrimination on the basis of a disability by an employer which constitutes a program
       or activity receiving federal financial assistance.

    ☒  Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq*., for
       employment discrimination on the basis of disability.

2.  Plaintiff resides at 12423 Sussex Hishway
                                    (Street Address)
    Greenwood         Sussex      DE        19950
        (City)        (County)    (State)   (Zip Code)
    302 · 519 · 4914                . Attach additional sheets if more than one Plaintiff.
    (Area Code) (Phone Number)

3.  Defendant resides at, or its business is located at P.O. 1320 25005 John J. Willims Hwy
                                                                 (Street Address)
    Millsboro          Sussex      DE        19966
        (City)        (County)    (State)   (Zip Code)                          .(

**Attach additional sheets if more than one Defendant.**

1

4.    The discriminatory conduct occurred in connection with plaintiff's employment at, or application

to be employed at, defendant's _Mountaire Forms Inc._ place of business

located at _P.O. 1320 29005 John J. Williams Hwy_ (Defendant's Name)

_Millsboro_ _Sussex_ _DE_ _19966_ .(
(Street Address)    (City)    (County)    (State)    (Zip Code)

5.    The alleged discriminatory acts occurred on _2_ , _6_ , _2014_ .
(Day)    (Month)    (Year)

6.    The alleged discriminatory practice    ☐ is    ☒ is not    continuing.

7.    On _17_ , _4_ , _2014_ , Plaintiff filed charges
(Day)    (Month)    (Year)

with the Department of Labor of the State of Delaware: _Office of Anti Discrimination_

_24 N.W. Front Street Suite 100_ _Milford_ _Sussex_
(Street Address)    (Agency) (City)    (County)

_DE_ _19963_ , regarding defendant's alleged discriminatory conduct.
(State)    (Zip Code)

8.    On _19_ , _6_ , _2014_ , Plaintiff filed charges
(Day)    (Month)    (Year)

with the Equal Employment Opportunity Commission of the United States regarding defendant's alleged

discriminatory conduct.

9.    The Equal Employment Opportunity Commission issued the attached Notice-of-Right-to-Sue

letter which was received by plaintiff on: _15_ , _December_ , _2014_ .
(Day)    (Month)    (Year)

**(NOTE:    ATTACH NOTICE-OF-RIGHT-TO-SUE LETTER TO THIS COMPLAINT.)**

10.    The alleged discriminatory acts, in this suit, concern:

A. ☐ Failure to employ plaintiff.
B. ☒ Termination of plaintiff's employment.  Plaintiff was terminated from employment on
the following date: _6 2 · 2014_ .
C. ☐ Failure to promote plaintiff.  Plaintiff was refused a promotion on the following date:

_____.

D. ☐ Other acts (please specify): _____

_____

_____

_____

_____

11.    The conduct of Defendant(s) was discriminatory because it was based on (check all that apply):

2

A. ☐ Plaintiff's race
B. ☐ Plaintiff's color
C. ☐ Plaintiff's sex
D. ☐ Plaintiff's religion
E. ☐ Plaintiff's national origin
F. ☐ Plaintiff's age
G. ☒ Plaintiff's disability + retaliation

12. A copy of the charges filed with the Department of Labor of the State of Delaware and/or the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of plaintiff's claim.

**(NOTE: ATTACH A COPY OF THE CHARGES FILED WITH THE DEPARTMENT OF LABOR OF THE STATE OF DELAWARE AND/OR THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION OF THE UNITED STATES TO THIS COMPLAINT.)**

**THEREFORE,** Plaintiff asks the Court to grant such relief as may be appropriate, including but not

limited to (check all that apply):

A. ☐ Injunctive relief (specify what you want the Court to order): _____
_____.

B. ☒ Back pay.
C. ☐ Reinstatement to former position.
D. ☒ Monetary damages in the amount of 300,000.
E. ☒ That the Court appoint legal counsel.
F. ☒ Such relief as may be appropriate, including costs and attorney's fees,
G. ☒ Other (specify): Have to pay for my medical expenses for life.

**I/We declare under penalty of perjury that the foregoing is true and correct.**

Dated: 12·21·2014

_____
(Signature of Plaintiff)

_____
(Signature of additional Plaintiff)

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Brandon L. Whitmore<br>12423 Sussex Highway<br>Greenwood, DE 19950 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17C-2014-00481 | Natasha Abel,<br>State & Local Coordinator | (215) 440-2650 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

_____

**Spencer H. Lewis, Jr.,**
**District Director**

December 15, 2014
(Date Mailed)

Enclosures(s)

cc: **MOUNTAIRE FARMS OF DE**
**Attn: Lou Marsico**
**Employee Relations Manager**
**P.O. Box 1320**
**29005 John J. Williams Highway**
**Millsboro, DE 19966**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

801 Market Street, Suite 1300
Philadelphia, PA 19107-3127

## PLEASE READ THE FOLLOWING INFORMATION CAREFULLY

You filed a charge of employment discrimination with one (1) of the following six (6) agencies, which are known as Fair Employment Practices Agencies (FEPA):

> Delaware Department of Labor (DDOL)
> New Jersey Division on Civil Rights (NJDCR)
> Philadelphia Commission on Human Relations (PCHR)
> Pittsburgh Commission on Human Relations (PCHR)
> Reading Human Relations Commission (RHRC)
> West Virginia Human Rights Commission (WVHRC)

At the time you filed your charge with the FEPA, you were notified in writing by the FEPA that it would dual-file your charge for you with the U.S. Equal Employment Opportunity Commission (EEOC) in order to preserve your right to file a lawsuit in Federal District Court. The FEPA processed your charge and notified you in writing of the reason for its closure of your charge. (If you believe that you did not receive a closure notice from the FEPA, contact the FEPA where you filed your charge, not EEOC). The FEPA then notified EEOC of its closure, and the reason for the closure. Based on this notification, EEOC has reviewed and adopted the FEPA findings, and has closed the dual-filed EEOC charge. Therefore, EEOC has issued to you the attached Dismissal & Notice of Rights, which advises you that "EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge". This Dismissal & Notice of Rights authorizes you to file a lawsuit in Federal District Court within 90 days if you choose to do so (please note, however, that you are not obligated to file a lawsuit). EEOC does not encourage or discourage such legal action; the decision is entirely up to you. If you do not wish to file a lawsuit, it is recommended that you keep the Dismissal & Notice of Rights for your record, and you need do nothing else.

If however, you do elect to file a lawsuit, you must do so with a Federal District Court within 90 days of the date you received the Dismissal & Notice of Rights, not the date it is dated (it is recommended that you retain the envelope with the postmark). If you intend to consult an attorney, do so promptly; if you do not have a lawyer, you may contact the EEOC Legal Unit at (215) 440-2828 in order to obtain a list of local attorneys. However, you are responsible for all legal fees incurred by filing a lawsuit, and you are also responsible for ensuring that your lawsuit is filed within the 90-day statute of limitations.

If you are going to file a lawsuit and need to obtain a copy of the information obtained during the FEPA's processing of your charge, make your request promptly in writing to the FEPA that investigated your charge (NOT EEOC). EEOC does not obtain the FEPA investigative case file.

(Enclosure with EEOC Form 161)

Brandon L. Whitmore
12423 Sussex Highway
Greenwood, DE 19950

DDOL No.: WHI060414
EEOC No.: 17C-2014-00481

vs.

MOUNTAIRE FARMS
P.O. Box 1320,
29005 John J. Williams Highway,
Millsboro, DE 19966

## FINAL DETERMINATION AND RIGHT TO SUE NOTICE

Pursuant to 19 Del. C. § 710, *et seq.*, the parties in the above-captioned matter are hereby Noticed of the Department's Final Determination and Right to Sue Notice, as follows:

### *No-Cause Determination and Dismissal with Corresponding Right to Sue Notice.*

In this case, the Department has completed its investigation and found that there is no reasonable cause to believe that an unlawful employment practice has occurred. The Department hereby issues a No-Cause Determination and Dismissal and provides the Charging Party with a Delaware Right to Sue Notice.

This No Cause determination is based on the following facts:

*Charging Party alleges that Respondent took adverse employment action (discharge) against him based upon retaliation. The Department of Labor reviewed all materials submitted by the parties and determined that the evidence did not support Charging Party's allegations. On August 20, 2014, we notified the parties of our preliminary findings. Charging Party did not contest our findings. Therefore, for the reasons set forth in our preliminary determination, we are making a finding of No Reasonable Cause.*

*This final determination is not intended to be construed as an endorsement of Respondent's actions, and is not intended to impact any rights Charging Party may have under other laws.*

See the attached Notice of Rights.

This Final Determination is hereby issued on behalf of the Department of Labor, Division of Industrial Affairs, Office of Anti-Discrimination.

October 6, 2014

Daniel McGannon, Administrator

## NOTICE OF DELAWARE RIGHTS

*The Department of Labor Office of Anti-Discrimination provides the following excerpt from 19 Del. C. § 710, et seq. as information regarding the Delaware Right to Sue Notice. If you need legal advice, please seek your own legal counsel.*

### § 714. Civil action by the Charging Party; Delaware Right to Sue Notice; election of remedies.

(a)    A Charging Party may file a civil action in Superior Court, after exhausting the administrative remedies provided herein and receipt of a Delaware Right to Sue Notice acknowledging same.

(b)    The Delaware Right to Sue Notice shall include authorization for the Charging Party to bring a civil action under this Chapter in Superior Court by instituting suit within ninety (90) days of its receipt or within ninety (90) days of receipt of a Federal Right to Sue Notice, whichever is later.

(c)    The Charging Party shall elect a Delaware or federal forum to prosecute the employment discrimination cause of action so as to avoid unnecessary costs, delays and duplicative litigation. A Charging Party is barred by this election of remedies from filing cases in both Superior Court and the federal forum. If the Charging Party files in Superior Court and in a federal forum, the Respondent may file an application to dismiss the Superior Court action under this election of remedies provision.

## NOTICE OF FEDERAL RIGHTS

1.    If your case was also filed under federal law and resulted in a "No Cause" finding, you have additional appeal rights with the Equal Employment Opportunity Commission. Under Section 1601.76 of EEOC's regulations, you are entitled to request that EEOC perform a Substantial Weight Review of the DDOL's final finding. To obtain this review, you must request it by writing to EEOC within *15 days of your receipt* of DDOL's final finding in your case. Otherwise, EEOC will generally adopt the DDOL's findings.

2.    If your case was also filed under federal law, you have the right to request a federal Right to Sue Notice from the EEOC. To obtain such a federal Right to Sue Notice, you must make a written request directly to EEOC at the address shown below. Upon its receipt, EEOC will issue you a Notice of Right to Sue and you will have ninety (90) days to file suit. The issuance of a Notice of Right to Sue will normally result in EEOC terminating all further processing.

3.    Requests to the EEOC should be sent to:

Equal Employment Opportunity Commission
801 Market Street
Penthouse, Suite 1300
Philadelphia, PA 19107

FEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA | WHI060414 |
| | [X] EEOC | 17C-2014-00481 |

| **Delaware Department of Labor** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Brandon L. Whitmore** | **(302) 519-4914** | ████-1983 |

| Street Address | City, State and ZIP Code |
|---|---|
| **12423 Sussex Highway, Greenwood, DE 19950** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **MOUNTAIRE FARMS** | **500 or More** | **(302) 934-1100** |

| Street Address | City, State and ZIP Code |
|---|---|
| **P.O. Box 1320, 29005 John J. Williams Highway, Millsboro, DE 19966** | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest      Latest |

[ ] RACE    [ ] COLOR    [ ] SEX    [ ] RELIGION    [ ] NATIONAL ORIGIN    **06-02-2014**     **06-02-2014**

[X] RETALIATION    [ ] AGE    [ ] DISABILITY    [ ] GENETIC INFORMATION

[ ] OTHER *(Specify)*        [ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**Jurisdiction:** Charging Party worked for Respondent (DE employer; 500+ employees) as a Security Officer from 02/11/13 until his discharge on 06/02/14. Charging Party presented this discrimination complaint to DDOL on 06/04/14.

**Charging Party's protected class:** Retaliation

**Adverse employment action:** Discharge

**Brief statement of allegations:** Charging Party submitted a previous charge of disability discrimination (WHI032414). On 05/28/14 Charging Party had completed his regular duties and there was no fuel for the car for further roving duties. He was told he could not use the other car so, since he was feeling ill and there was no on-site supervisor, Charging Party decided to leave work early. On 05/29/14 Charging Party was again feeling ill and decided to leave work after completing his duties. Respondent terminated Charging Party on 06/02/14 for allegedly abandoning his job. Charging Party says he had previously left early with no repercussions and he alleges that his discharge was retaliation for filing a charge of discrimination.

**Respondent's explanation:** Charging Party was terminated for job abandonment.

**Applicable law(s):** The Americans With Disabilities Act; Delaware Persons With Disabilities Employment Protections Act

**Comparator(s) or other specific reason(s) for alleging discrimination:** Nothing further follows. X⟋⟋⟍

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| | SIGNATURE OF COMPLAINANT |
| | X _____ |
| **Jun 19, 2014**    X _____ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| *Date*      *Charging Party Signature* | **Jun 19, 2014** |

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [X] FEPA | WHI032414 |
| [X] EEOC | 17C-2014-00352 |

| **Delaware Department of Labor** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Brandon L. Whitmore** | **(302) 519-4914** | ████-1983 |

| Street Address | City, State and ZIP Code |
|---|---|
| **12423 Sussex Highway, Greenwood, DE 19950** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **MOUNTAIRE FARMS** | **500 or More** | **(302) 934-1100** |

| Street Address | City, State and ZIP Code |
|---|---|
| **P.O. Box 1320, 29005 John J. Williams Highway, Millsboro, DE 19966** | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

| [ ] RACE | [ ] COLOR | [ ] SEX | [ ] RELIGION | [ ] NATIONAL ORIGIN |
|---|---|---|---|---|
| [ ] RETALIATION | [ ] AGE | [X] DISABILITY | [ ] GENETIC INFORMATION | |
| [ ] OTHER *(Specify)* | | | | |

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| **02-15-2014** | **02-24-2014** |

[X] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**Jurisdiction:** Charging Party has worked for Respondent (DE employer; 500+ employees) as a Security Officer at its Millsboro location since 02/11/13. Charging Party has a known disability and is able to perform the essential functions of his position with or without a reasonable accommodation. Charging Party presented this discrimination complaint to DDOL on 03/24/14.

**Charging Party's protected class:** Disability
**Adverse employment action:** Denied reasonable accommodation, Discipline

**Brief statement of allegations:** On 02/15/14 Charging Party requested to shut off the overhead light in the office at the security gate as an accommodation for his disability. Henry Colon, Security Manager, refused the request, noting that the light must remain on at all times. On 02/24/14 Charging Party shut the light off and received a disciplinary warning for his action. To date, Respondent has failed to provide a reasonable accommodation.

**Respondent's explanation:** Charging Party failed to follow instructions.
**Applicable law(s):** The Americans With Disabilities Act; Delaware Persons With Disabilities Employment Protections Act

**Comparator(s) or other specific reason(s) for alleging discrimination:** Nothing further follows. X

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT X |
| **Apr 17, 2014**      x _____ <br> Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* <br> **Apr 17, 2014** |



STATE OF DELAWARE DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS
OFFICE OF ANTI-DISCRIMINATION

4425 N. MARKET STREET
WILMINGTON, DE 19802
(302) 761-8200    FAX (302) 761-6601

24 N.W. FRONT STREET, SUITE 100
MILFORD, DE 19963
(302) 422-1134    FAX (302) 422-1137

April 23, 2014 **REPLY TO: MILFORD**

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

Personnel Manager
MOUNTAIRE FARMS
P.O. Box 1320,
29005 John J. Williams Highway,
Millsboro, DE 19966

RE: Whitmore v. MOUNTAIRE FARMS
       Case No. WHI032414/17C-2014-00352

Dear Respondent:

Enclosed please find a **NOTICE OF CHARGE OF DISCRIMINATION**, along with the following documents:

1. Verified Charge of Discrimination filed against the above-named Respondent;
2. Mediation interest form;
3. Copy of 19 Del. Code § 712 (c), describing the administrative process.

Pursuant to 19 Del. Code § 712 (c), the named Respondent has an opportunity at this time to "file an answer **within twenty (20) days of the receipt of the Charge of Discrimination**, certifying that a copy of the answer was mailed to the Charging Party at the address provided." **If you are interested in mediation, you do not need to file an answer at this time. If you elect this option, you must check the appropriate provision on the enclosed Invitation To Engage in Mediation and return it to us within twenty (20) days, certifying that a copy of your election for mediation was mailed to the Charging Party.**

This Charge of Discrimination has been filed under the following law(s), and as indicated by the case numbers referenced above.

| | |
|---|---|
| _____ Title VII | _____ DE Discrimination in Employment Act |
| ___✓___ ADA | ___✓___ DE Handicapped Persons Employment Protection Act |
| _____ ADEA | |

We anticipate your full cooperation. If you intend to retain legal representation at any time throughout this process, please have your attorney enter his or her appearance so that future contact will be made through him or her.

Daniel McGannon, Administrator

cc: Charging Party (w/o enclosures)

17C_ B-06-R_Resp New Charge : Rev. 06/11



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Philadelphia District Office

801 Market St.
Penthouse Ste. 1300
Philadelphia, PA 19107
(215) 440-2600
TTY (215) 440-2610
FAX (215) 440-2632, 2848 & 2604

**EEOC Charge No.:**  _17C-2014-00352_        **Date:**  _April 23, 2014_

Your charge of employment discrimination as filed with the Labor Law Enforcement Section of the Delaware Dept. of Labor (DDOL) will also be forwarded to the Philadelphia District Office of the U.S. Equal Employment Opportunity Commission (EEOC) for dual filing. This dual-filing is done in order to preserve your federal rights as explained below. The EEOC charge number will be assigned by the DDOL in addition to DDOL's own charge number. This letter, which will be sent to you by the DDOL, constitutes your notification of the dual-filing with EEOC. The Respondent named in your charge will also be notified by DDOL of the dual-filing with EEOC.

The EEOC will refrain from any processing of your charge until such time as the DDOL completes its processing and issues final findings and orders. At that time, the DDOL will notify the EEOC of the closure so that EEOC can review the DDOL finding. Those final findings and orders may be adopted by EEOC and the EEOC case would then be closed based on the DDOL proceedings.

However, under Section 1601.76 of EEOC's regulations, you are entitled to request that EEOC perform a Substantial Weight Review of the DDOL's final finding. To obtain this review, you must request it by writing to EEOC within 12 days of your receipt of DDOL's final finding in your case. Otherwise, EEOC will generally adopt the DDOL's findings.

To request the Substantial Weight Review, you should address your request to the address shown in the letterhead above, to the attention of the State and Local Unit. In addition, you should provide as much specific detail as possible as to why you are dissatisfied with the DDOL investigation or finding.

While your charge is being investigated by the DDOL, you should address any concerns or additional information concerning your charge or the DDOL investigation directly to the DDOL. This will ensure that such concerns or information are provided to the appropriate person(s). Please do not contact EEOC directly as EEOC will not be able to assist you while the charge is being processed by DDOL. Also, please do not submit documents or evidence to EEOC since DDOL will be actively investigating the charge and will maintain the active case file.

The dual-filing of the charge with EEOC will preserve your rights to file a private lawsuit in federal district court as follows:

a. If your charge is filed under Title VII of the Civil Rights Act of 1964, as amended (Title VII) (that is, based on race, sex, color, religion or national origin) or under the Americans with Disabilities Act of 1990, as amended (ADA) (that is, based upon mental or physical disability), you can only file a lawsuit in Federal Court if EEOC first issues you a Notice of Right to Sue. To obtain such a Notice, you must wait for 240 days from the date you filed your charge with DDOL. You must thereafter make a written request for issuance of the Notice of Right to Sue. This request can be sent directly to EEOC at the address shown in the letterhead above or you can send the request to the DDOL for forwarding to EEOC. Upon its receipt, EEOC will issue you the Notice of Right to Sue and you would have 90 days in which to file suit. The issuance of the Notice of Right to Sue will normally result in EEOC terminating all further processing.

b. If your charge is filed under the Age Discrimination in Employment Act of 1967 as amended (ADEA), (that is, based on age 40 or older), you do not have to request a Notice of Right to Sue from EEOC if you wish to file a lawsuit in Federal Court. Instead, you must wait at least 60 days from the date you filed your charge with the DDOL regardless of the status of the DDOL or EEOC processing. Thereafter, you can file a private lawsuit directly in Federal Court without first contacting EEOC in any manner.

If based upon EEOC's review of DDOL's final finding, the EEOC determines that the finding should be accepted as the basis for EEOC's closure, you will be so notified in writing. If the DDOL closure is for any reason other than a successful settlement or a withdrawal, the EEOC closure will also include a Notice of Right to Sue. This applies to charges filed under Title VII, the ADA and/or the ADEA. In such an event, you would then have 90 days from the date of your receipt of the Notice of Right to Sue to file suit in federal district court.

EEOC's regulations require that you notify EEOC of any change in address and keep us informed of any prolonged absence from your current address. However, if the DDOL is still processing your charge, you should forward any such notification or change of address directly to the DDOL. You should also cooperate fully with the DDOL in its processing of your charge.

Should you contact EEOC to request a Substantial Weight Review or to request a Notice of Right to Sue, please include the EEOC Charge Number shown at the top of page 1 in your correspondence to EEOC.

Sincerely,

*Spencer H. Lewis, Jr.*

Spencer H. Lewis, Jr.
District Director

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act<br>Statement and other information before completing this form. | | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|---|
| | | **X** FEPA | **WHI032414** |
| | | **X** EEOC | **17C-2014-00352** |

| **Delaware Department of Labor** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Brandon L. Whitmore** | **(302) 519-4914** | **11-19-1983** |

| Street Address | City, State and ZIP Code |
|---|---|
| **12423 Sussex Highway, Greenwood, DE 19950** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **MOUNTAIRE FARMS** | **500 or More** | **(302) 934-1100** |

| Street Address | City, State and ZIP Code |
|---|---|
| **P.O. Box 1320, 29005 John J. Williams Highway, Millsboro, DE 19966** | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

| | | | | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|---|---|---|
| | | | | Earliest  Latest |
| [ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN | | | | **02-15-2014**  **02-24-2014** |
| [ ] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION | | | | |
| [ ] OTHER *(Specify)* | | | | [X] CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**Jurisdiction:** Charging Party has worked for Respondent (DE employer; 500+ employees) as a Security Officer at its Millsboro location since 02/11/13. Charging Party has a known disability and is able to perform the essential functions of his position with or without a reasonable accommodation. Charging Party presented this discrimination complaint to DDOL on 03/24/14.

**Charging Party's protected class:** Disability
**Adverse employment action:** Denied reasonable accommodation, Discipline

**Brief statement of allegations:** On 02/15/14 Charging Party requested to shut off the overhead light in the office at the security gate as an accommodation for his disability. Henry Colon, Security Manager, refused the request, noting that the light must remain on at all times. On 02/24/14 Charging Party shut the light off and received a disciplinary warning for his action. To date, Respondent has failed to provide a reasonable accommodation.

**Respondent's explanation:** Charging Party failed to follow instructions.
**Applicable law(s):** The Americans With Disabilities Act; Delaware Persons With Disabilities Employment Protections Act

**Comparator(s) or other specific reason(s) for alleging discrimination:** Nothing further follows. X *3 LW*

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>x |
| **Apr 17, 2014**  x _____<br>Date   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)*<br>**Apr 17, 2014** |



STATE OF DELAWARE DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS
OFFICE OF ANTI-DISCRIMINATION

4425 N. MARKET STREET                                    24 N.W. FRONT STREET, SUITE 100
WILMINGTON, DE 19802                                     MILFORD, DE 19963
(302) 761-8200   FAX (302) 761-6601                      (302) 422-1134   FAX (302) 422-1137

June 24, 2014

**REPLY TO: MILFORD**

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

Personnel Manager
MOUNTAIRE FARMS
P.O. Box 1320,
29005 John J. Williams Highway,
Millsboro, DE 19966

RE:    Whitmore v. MOUNTAIRE FARMS
       <u>Case No. WHI060414/17C-2014-00481</u>

Dear Respondent:

Enclosed please find a **NOTICE OF CHARGE OF DISCRIMINATION**, along with the following documents:

1.    Verified Charge of Discrimination filed against the above-named Respondent;
2.    Mediation interest form;
3.    Copy of 19 <u>Del. Code</u> § 712 (c), describing the administrative process.

Pursuant to 19 <u>Del. Code</u> § 712 (c), the named Respondent has an opportunity at this time to "file an answer **within twenty (20) days of the receipt of the Charge of Discrimination**, certifying that a copy of the answer was mailed to the Charging Party at the address provided." **If you are interested in mediation, you do not need to file an answer at this time. If you elect this option, you must check the appropriate provision on the enclosed <u>Invitation To Engage in Mediation</u> and return it to us within twenty (20) days, certifying that a copy of your election for mediation was mailed to the Charging Party.**

This Charge of Discrimination has been filed under the following law(s), and as indicated by the case numbers referenced above.

       _____ Title VII        _____ DE Discrimination in Employment Act
       \_\_✓\_\_ ADA         \_\_✓\_\_ DE Handicapped Persons Employment Protection Act
       _____ ADEA

We anticipate your full cooperation. If you intend to retain legal representation at any time throughout this process, please have your attorney enter his or her appearance so that future contact will be made through him or her.

Daniel McGannon, Administrator

cc: Charging Party (w/o enclosures)

17C_B-06-R_Resp New Charge : Rev. 06/11



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

801 Market St.
Penthouse Ste. 1300
Philadelphia, PA 19107
(215) 440-2600
TTY (215) 440-2610
FAX (215) 440-2632, 2848 & 2604

**EEOC Charge No.:  17C-2014-00481**                    **Date:  June 24, 2014**

Your charge of employment discrimination as filed with the Labor Law Enforcement Section of the Delaware Dept. of Labor (DDOL) will also be forwarded to the Philadelphia District Office of the U.S. Equal Employment Opportunity Commission (EEOC) for dual filing. This dual-filing is done in order to preserve your federal rights as explained below. The EEOC charge number will be assigned by the DDOL in addition to DDOL's own charge number. This letter, which will be sent to you by the DDOL, constitutes your notification of the dual-filing with EEOC. The Respondent named in your charge will also be notified by DDOL of the dual-filing with EEOC.

The EEOC will refrain from any processing of your charge until such time as the DDOL completes its processing and issues final findings and orders. At that time, the DDOL will notify the EEOC of the closure so that EEOC can review the DDOL finding. Those final findings and orders may be adopted by EEOC and the EEOC case would then be closed based on the DDOL proceedings.

However, under Section 1601.76 of EEOC's regulations, you are entitled to request that EEOC perform a Substantial Weight Review of the DDOL's final finding. To obtain this review, you must request it by writing to EEOC within 12 days of your receipt of DDOL's final finding in your case. Otherwise, EEOC will generally adopt the DDOL's findings.

To request the Substantial Weight Review, you should address your request to the address shown in the letterhead above, to the attention of the State and Local Unit. In addition, you should provide as much specific detail as possible as to why you are dissatisfied with the DDOL investigation or finding.

While your charge is being investigated by the DDOL, you should address any concerns or additional information concerning your charge or the DDOL investigation directly to the DDOL. This will ensure that such concerns or information are provided to the appropriate person(s). Please do not contact EEOC directly as EEOC will not be able to assist you while the charge is being processed by DDOL. Also, please do not submit documents or evidence to EEOC since DDOL will be actively investigating the charge and will maintain the active case file.

The dual-filing of the charge with EEOC will preserve your rights to file a private lawsuit in federal district court as follows:

L / Discrimination / Forms / Charge Filing / CP New Charge EEOC Letter

a. If your charge is filed under Title VII of the Civil Rights Act of1964, as amended (Title VII) (that is, based on race, sex, color, religion or national origin) or under the Americans with Disabilities Act of 1990, as amended (ADA) (that is, based upon mental or physical disability), you can only file a lawsuit in Federal Court if EEOC first issues you a Notice of Right to Sue. To obtain such a Notice, you must wait for 240 days from the date you filed your charge with DDOL. You must thereafter make a written request for issuance of the Notice of Right to Sue. This request can be sent directly to EEOC at the address shown in the letterhead above or you can send the request to the DDOL for forwarding to EEOC. Upon its receipt, EEOC will issue you the Notice of Right to Sue and you would have 90 days in which to file suit. The issuance of the Notice of Right to Sue will normally result in EEOC terminating all further processing.

b. If your charge is filed under the Age Discrimination in Employment Act of 1967 as amended (ADEA), (that is, based on age 40 or older), you do not have to request a Notice of Right to Sue from EEOC if you wish to file a lawsuit in Federal Court. Instead, you must wait at least 60 days from the date you filed your charge with the DDOL regardless of the status of the DDOL or EEOC processing. Thereafter, you can file a private lawsuit directly in Federal Court without first contacting EEOC in any manner.

If based upon EEOC's review of DDOL's final finding, the EEOC determines that the finding should be accepted as the basis for EEOC's closure, you will be so notified in writing. If the DDOL closure is for any reason other than a successful settlement or a withdrawal, the EEOC closure will also include a Notice of Right to Sue. This applies to charges filed under Title VII, the ADA and/or the ADEA. In such an event, you would then have 90 days from the date of your receipt of the Notice of Right to Sue to file suit in federal district court.

EEOC's regulations require that you notify EEOC of any change in address and keep us informed of any prolonged absence from your current address. However, if the DDOL is still processing your charge, you should forward any such notification or change of address directly to the DDOL. You should also cooperate fully with the DDOL in its processing of your charge.

Should you contact EEOC to request a Substantial Weight Review or to request a Notice of Right to Sue, please include the EEOC Charge Number shown at the top of page 1 in your correspondence to EEOC.

       Sincerely,

       *Spencer H. Lewis, Jr.*

       Spencer H. Lewis, Jr.
       District Director

Brandon L. Whitmore
12423 Sussex Highway
Greenwood, DE 19950

DDOL No.: WHI032414
EEOC No.: 17C-2014-00352

vs.

MOUNTAIRE FARMS
P.O. Box 1320,
29005 John J. Williams Highway,
Millsboro, DE 19966

### FINAL DETERMINATION

Pursuant to 19 Del. C. § 710, *et seq.*, the parties in the above-captioned matter are hereby Noticed of the Department's Final Determination as follows:

#### *Administrative Dismissal*

In this case, the Department has determined that there is no further benefit which can be provided to the parties under the administrative process. The parties have executed an agreement that provides a satisfactory resolution to this matter. The Department hereby issues this Administrative Dismissal to signal the end of the administrative process without a specific finding. This dismissal was initiated by the Charging Party, who gives up his or her rights under the charges as filed.

This administrative dismissal is based upon 19 Del. C. § 712 (c) (5) which states: "End of administrative process. In all cases where the Department has dismissed the Charge, issued a No Cause Determination or upon the parties failed conciliation efforts, the Department shall issue a Delaware Right to Sue Notice, acknowledging the Department's termination of the administrative process. Once the Department has issued its preliminary findings pursuant to subsection (2), the Department, in its discretion, may grant a Delaware Right to Sue Notice to a Charging Party."

This Final Determination is hereby issued on behalf of the Department of Labor, Division of Industrial Affairs, Office of Anti-Discrimination.

May 27, 2014

Trina R. Gumbs, Supervisor

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

17C_C-12-V Volun Settle or Withdraw : 09/11



STATE OF DELAWARE DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS
OFFICE OF ANTI-DISCRIMINATION
MEDIATION PROGRAM

4425 N. MARKET STREET, 3ᴿᴰ FLOOR
WILMINGTON, DE 19802
(302) 761-8200    FAX (302) 761-6601

24 N.W. FRONT STREET, SUITE 100
MILFORD, DE 19963
(302) 422-1134    FAX (302) 422-1137

**REPLY TO: Milford**

May 6, 2014

Mr. Branden L. Whitmore
12423 Sussex Highway
Greenwood, DE 19950

Lou Marsico
Employee Relations Manager
MOUNTAIRE FARMS OF DE
29005 John J. Williams Highway
Millsboro, DE 19966

Re:    Whitmore v. MOUNTAIRE FARMS
       Charge Number: WHI032414 / 17C-2014-00352
       **Notice of Mediation**
       **Mediation Date:  Tuesday, May 27, 2014 at 9:00 a.m.**

Dear Parties:

A **mediation conference** has been scheduled in the above matter. You should report to our **Milford** location on **Tuesday, May 27, 2014 at 9:00 a.m.** This letter contains a guide to mediation, including what you should expect, and what we expect from you. Please read  it, and review it with everyone who you plan to bring with you. For questions about this letter, or the mediation process, contact Dennis Chipps, Staff Mediator, (302) 761-8201. You should also contact Mr. Chipps if you or anyone accompanying you is requesting an accommodation for a disability during the conference.

# What is mediation?

- Mediation IS an informal session.

- Mediation IS a problem-solving session.

- Mediation IS NOT a legal proceeding.

- Mediation IS NOT an adversarial proceeding.

- Mediation IS NOT a fact-finding session.

- Mediation IS NOT an opportunity to conduct discovery.

  - Mediation IS NOT an opportunity to persuade the Department of Labor that your position is the correct position. It is unrealistic to expect that simply restating your side's views, or presenting legal argument, is somehow going to resolve the dispute.

# What is the mediator's role?

The mediator will work with the parties and their representatives to find a resolution that both parties can live with. She will encourage the parties to keep talking, working, and exploring all aspects of the dispute, including a variety of possible solutions. The mediator will not be interested in the parties' views of "the facts." The mediator will not make a determination as to what "the facts" are.

If the mediation is not successful, the information discussed during the mediation session will remain confidential. No investigator will be able to know anything about the mediation discussions. Confidentiality is a critical part of the mediation and if the dispute does not settle and ultimately goes to any administrative or judicial proceeding, the mediator will not willingly testify for or against either party.

# What happens during mediation?

1. Joint session – opening statements.

   - The mediator will explain her role as a neutral.

   - The charging party may explain the complaint in his own words, and what type of remedy he seeks. The charging party's representative (if any) will also have an opportunity to add anything she feels is helpful in understanding the charging party's perspective.

   - The respondent's primary spokesperson may speak. The respondent's other representatives (if any) will also have an opportunity to add anything they feel is helpful in understanding the respondent's perspective.

   - The parties will have an opportunity to ask questions about the process, or even to explore potential resolutions if they choose.

2. Caucuses.

   - The mediator will caucus, or meet privately, with each side at least once. Caucuses are also confidential and the mediator will not share any information that you wish to be kept confidential with the other side.

3. Joint session – finalize an agreement, or declare an impasse.

   - After a series of caucuses, the mediator will reconvene a joint session and determine that the parties appear to be approaching an agreement, or that no agreement can be reached. Depending on where the parties stand, the mediator may or may not conduct more caucuses. If the parties reach an agreement, the mediator will help you draft a written settlement agreement. If the mediator declares an impasse, the mediation session ends.

## How long will the session last?

A mediation session can last up to six hours – occasionally even longer. Since we are starting at **9:00 a.m.**, please be sure that everyone's schedule is cleared until **at least 1:00 p.m.** If this amount of time is not possible please advise us immediately.

## Who *may* I bring to mediation?

- Each party MAY bring up to three participants.
- The participants NEED NOT be attorneys.
- Each party has the right to object to any participant named by the other side.

Remember, mediation is an informal problem-solving process. There is no fact-finding, no evidence, no legal argument. Participants may attend to assist or support the Charging Party or the primary spokesperson for the Respondent. While a party may choose to bring an attorney to the mediation, the attorney will not present the "case," or speak for the party.

## Who *must* I bring to the mediation?

Each party MUST have at least one representative with wide authority to negotiate and sign a settlement agreement, or must have access to such authority during the mediation.

## Who should I probably *not* bring to the mediation?

- Charging Party's immediate supervisor.
- Anyone named in the complaint.
- Charging Party's past or current coworkers.
- Witnesses – the mediator will not take testimony.

The Department of Labor STRONGLY DISCOURAGES employers from bringing the charging party's immediate supervisor, or a person named in the complaint. We also STRONGLY DISCOURAGE charging parties from bringing former or current employees of respondent. It has been our experience that such participation impedes the problem-solving process. Remember, this is a problem-solving session. The mediator will not be interested in your version of "the facts."

## Who is the other side bringing to the mediation?

We have been notified that the following individuals intend to participate:

> **For Charging Party:**
> **Branden L. Whitmore**

> **For Respondent:**
> **Lou Marsico, Employee Relations Manager**
> **Pat Townsend, Director of Human Resources**

## How can I add a participant to the list?

To add a participant, you must provide written notification to the other side in advance if you intend to bring anyone not on this list. Anyone who comes without prior notification can participate only if the other side agrees.

## What else do I need to know?

The Department of Labor requires all parties to comply with these guidelines, and to attend the mediation in good faith toward achieving a goal. If your goal is to engage in fact-finding or discovery, or if it is to persuade the Department of Labor that your version of "the facts" is the "correct" version, then this is not the proper forum.

We are pleased to be working with you to attempt to resolve this employment dispute. If you have any questions, please feel free to contact me at (302) 761-8200.

Sincerely,

Daniel McGannon, Administrator



STATE OF DELAWARE DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS
OFFICE OF ANTI-DISCRIMINATION
MEDIATION PROGRAM

4425 N. MARKET STREET
WILMINGTON, DE 19802
(302) 761-8200    FAX (302) 761-6601

24 N.W. FRONT STREET, SUITE 100
MILFORD, DE 19963
(302) 422-1134    FAX (302) 422-1137

# MEDIATION AND CONFIDENTIALITY AGREEMENT

## CHARGE NUMBER:   WHI032414 / 17C-2014-00352

## CHARGING PARTY:   Branden L. Whitmore

## RESPONDENT:   MOUNTAIRE FARMS

### INTRODUCTION

You have voluntarily chosen to participate in a mediation of this DDOL charge. Mediation is a process that provides an opportunity for the parties to a dispute to resolve their dispute themselves. A trained, impartial mediator will assist you and the other party in reaching a mutually agreed upon settlement. The mediator is not a judge and will not render any decision regarding the merits of your case. Mediation is a voluntary process, although any agreement reached will be binding on the parties.

This Mediation and Confidentiality Agreement is designed to ensure that all parties understand the process and are willing to participate in the mediation process.


### CONFIDENTIALITY

After the opening of the conference and after each party has had an opportunity to make an opening statement your mediator will meet with each party separately in caucus. The mediator assigned to your case can assist in resolving the dispute only if he or she has access to all relevant information. **Your mediator will treat all information submitted during mediation as confidential**. Any notes taken by the mediator will be destroyed at the conclusion of the conference. The only information regarding this mediation effort that will be communicated by the mediator to the DDOL will be the outcome of the conference, i.e., that there has been a resolution of the case or an impasse was reached. **Therefore, the parties agree not to attempt to subpoena the mediator(s) in any further proceeding**. It is further understood that except for information divulged by you during a joint session, with the other party present, any information that you disclose to your mediator that you wish to be kept confidential and not disclosed to the other party will be kept confidential, unless you give express permission for its disclosure. This confidentiality serves to protect all parties. Because of the need to exchange information and opinions freely in the mediation conference, parties are likewise requested to respect the confidentiality of the process.

# AGREEMENT

By participating in mediation you agree to the following:

1. The parties agree to participate voluntarily in mediation in an effort to resolve the above captioned charge(s) filed with the DDOL.

2. The parties agree that all matters discussed during the mediation are confidential, unless otherwise discoverable, and cannot be used as evidence in any subsequent administrative or judicial proceeding. Confidentiality, however, will not extend to threats of imminent physical harm or incidents of actual violence that occur during the mediation.

3. Any communications between the Director of Mediation and the mediator(s) and/or the parties are considered dispute resolution communications with a neutral and will be kept confidential.

4. The mediator(s) will not testify on behalf of a party in any pending or future administrative or judicial proceeding, and the parties agree not to subpoena the mediator(s) or attempt to compel the mediator(s) to produce any documents provided by a party in any pending or future administrative or judicial proceeding. The parties further agree that the mediator(s) will be held harmless for any claim arising from the mediation process.

5. **Mediation sessions will not be tape-recorded or transcribed by the DDOL, the mediator or any of the participants**. All information or materials provided to or created by the mediator including all notes, records, or documents generated during the course of the mediation shall be destroyed by the mediator after conclusion of the mediation. Parties or their representatives are not prohibited from retaining their own notes. However, the DDOL will not maintain any such notes or records as part of its record keeping procedures.

6. If a settlement is reached by all the parties, the agreement shall be reduced to writing and when signed shall be binding upon all parties to the agreement. If the charge(s) is not resolved through mediation, it is understood by the parties that the charge(s) will be transferred to an investigative unit for further processing.

By signing this document you indicate your willingness to participate in the mediation session and to abide by the rules set forth above. I have read this document carefully and understand the rules concerning confidentiality set forth. All of my questions have been answered. I understand that I do not have to participate in this mediation program, that my participation is voluntary and that participation is not a precondition to seeking any other relief.

**I AGREE TO COMPLY WITH THESE RULES.**

_____ 5-27-2014     _____ 5/27/14
Charging Party, Date                    Respondent, Date

                                                  _____ 5/27/14

_____     _____
Charging Party's Representative, Date     Respondent's Representative, Date

_____     _____
Charging Party's Representative, Date     Respondent's Representative, Date



STATE OF DELAWARE DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS
OFFICE OF ANTI-DISCRIMINATION
MEDIATION PROGRAM

4425 N. MARKET STREET
WILMINGTON, DE 19802
(302) 761-8200    FAX (302) 761-6601

24 N.W. FRONT STREET, SUITE 100
MILFORD, DE 19963
(302) 422-1134    FAX (302) 422-1137

# SETTLEMENT AGREEMENT

CHARGE NUMBER:    WHI032414 / 17C-2014-00352

CHARGING PARTY:   Brandon L. Whitmore

RESPONDENT:       MOUNTAIRE FARMS

1. In exchange for the promises made by Respondent, obtained by the Delaware Department of Labor, Division of Industrial Affairs (DDOL) pursuant to its charge number above or any other charge filed by Charging Party, Charging Party agrees not to institute a law suit under Discrimination in Employment Act or any other laws enforced by the Delaware Department of Labor, based on the DDOL charge number referenced above or any other charge filed by Charging Party and any matter that has been or could have been included in said charge of discrimination.

2. It is agreed that submission of this executed agreement to DDOL will result in the closure of the Charge Number noted above and any other charged filed by Charging Party, by the DDOL and the closure of any collateral federal or local agency complaint.  It is understood that this agreement does not constitute an admission by Respondent of any violation of Title VII, ADA or the ADEA.  19 Del. C. Chapter 7.

3. Respondent agrees that there shall be no discrimination or retaliation of any kind against the Charging Party because of opposition to any practice declared illegal under the ADA, the ADEA, Title VII, 19 Del. C. Chapter 7 as a result of filing this charge, or for giving testimony, assistance or participating in any manner in investigation, proceeding or hearing under the aforementioned Acts.

4. This agreement, including any attachments, constitutes a final and complete settlement of any matters which were or might have been alleged as charges filed with the Delaware Department of Labor subject to performance by Respondent of the promises and representations contained herein.

5. The parties agree that the DDOL is authorized to investigate compliance with this agreement and that this agreement may be specifically enforced in court by the DDOL or the parties and may be used as evidence in a subsequent proceeding in which a breach of this agreement is alleged.

6. As evidence of good faith to resolve this matter, Respondent offers, and Charging Party accepts the following terms of settlement:

   A. Respondent will provide Charging Party a Capabilities Form to be completed by his attending physician to determine any current restrictions. Respondent agrees to permit Charging Party to wear his own darkened glasses while working and will examine ways in which the lighting within the guard posts can be modified to accommodate Charging Party's restrictions.
   B. Respondent will provide Charging Party a new copy of the orientation book provided to new employees.
   C. Respondent will reduce the final warning issued on February 24, 2014 to a second written warning which will expire one year from the date of issue.

Respondent will submit to the DDOL notification confirming that the agreed upon terms and conditions regarding the above referenced charge have been met, within 30 days after all terms have been fully completed.

_____
For Respondent

_5|27|14_____
Date

_____
Charging Party

_5·27·2014_____
Date

In reliance on the promises made in the paragraphs above, DDOL agrees to terminate its investigation and to not use the above referenced charge as a jurisdictional basis for a civil action. DDOL does not waive or in any manner limit its right to investigate or seek relief in any other charge filed against the respondent.

On Behalf of the DDOL,

_____
Administrator /S /Pensu/
Office of Anti-Discrimination

_5/27/2014_____
Date

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

801 Market Street
Penthouse, Suite 1300
Philadelphia, PA 19107
(215) 440-2600
TTY (215) 440-2610
FAX (215) 440-2632, 2848 & 2604

RE:   **Whitmore v. MOUNTAIRE FARMS**
      <u>**Case No. WHI032414 / 17C-2014-00352**</u>

Mr. Brandon L. Whitmore
12423 Sussex Highway
Greenwood, DE 19950


Lou Marsico
Employee Relations Manager
MOUNTAIRE FARMS OF DE
29005 John J. Williams Highway
Millsboro, DE 19966

<u>**ACKNOWLEDGMENT OF SETTLEMENT**</u>

The above referenced charge has been dual-filed with the Equal Employment Opportunity Commission (EEOC) by the Delaware Department of Labor (DDOL). The DDOL has advised EEOC that the above-referenced matter has been settled between the parties. Therefore, in view of the Settlement Agreement reached between the parties, EEOC will take no further action regarding this charge and will discontinue its processing of the charge. However, this action does not reflect any judgment by the EEOC as to the merits of the charge or the terms of the Settlement Agreement. If you have any questions regarding this letter, contact EEOC in writing at the address shown in the letterhead above.

This concludes EEOC's processing of this charge subject to the performance by the Respondent of the promises and representations contained in the Settlement Agreement.

On Behalf of the EEOC:



Spencer H. Lewis, Jr.
District Director

Date:   May 27, 2014

cc:     Delaware Department of Labor

Branden L. Whitmore                                    Case No.: WHI032414
12423 Sussex Highway
Greenwood, DE 19950


vs.


MOUNTAIRE FARMS
P.O. Box 1320,
29005 John J. Williams Highway,
Millsboro, DE 19966


## PRELIMINARY FINDINGS AND RECOMMENDATIONS

Pursuant to 19 Del. C. § 712 (c) (2), the parties in the above-captioned matter are hereby Noticed of the Department's Preliminary Findings and Recommendations.

1. The Charge of Discrimination was filed and served upon the Respondent.

2. The Respondent notified the Department of its interest in mediation.

3. Based upon the preliminary submissions referenced above, the Department recommends the following action:

> **Referring the case for mediation based upon your submissions. Your case will be scheduled by the Mediation Unit in the near future, requiring the parties' appearance. Please wait for your notification of the scheduled appointment.**


Thank you for your cooperation throughout this administrative process.

On behalf of the Department of Labor, Division of Industrial Affairs, Office of Anti-Discrimination,


May 6, 2014

                                   Dan McGannon, Administrator

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

17C_ C-11-M PFR Med : rev. 01/12